DeCARLO, Judge.
Murder in the first degree; life.
The State’s evidence established that on October 13, 1978, appellant and the victim were having an argument over money when the appellant pulled a pistol, fired at the victim, and fled the scene.
In December, 1978, the Houston County grand jury indicted appellant for first degree murder but Houston County authorities were unable to locate appellant to effect the arrest warrant. Sometime before April 9,1979, investigators learned that appellant was incarcerated at the Federal Correctional Institute in Atlanta. A de-tainer was lodged against appellant on that date.
On January 15, 1981, officials at the Atlanta federal prison informed Houston County authorities that appellant had a presumptive parole date of February 25, 1981, and inquired whether they intended to assume custody of him before that. Appellant was subsequently returned to Houston County and arraigned on the murder charge June 3, 1981.
On June 12,1981, appellant filed a motion to dismiss the indictment alleging that he had been denied the right to a speedy trial. The motion was denied and appellant was tried and convicted on June 22, 1981. He claims that the trial court erred by denying his motion to dismiss the indictment because he was not given a speedy trial.
In order to resolve this issue we must assess (1) the length of the delay, (2) the reason for the delay, (3) the accused’s assertion of his right, and (4) the prejudice to the accused. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
Appellant’s right to a speedy trial attached (if not on the date of his indictment) at least on April 9,1979, the date a detainer was lodged against him in favor of the Houston County district attorney. See Watson v. State, 389 So.2d 961 (Ala.Cr.App.1980). The length of the delay, therefore, was approximately twenty-six and one-half months.
The reason for the initial delay was due in part to appellant’s flight from the State and the resulting inability of Houston County authorities to locate him. However, once local officials determined that he was incarcerated in the federal prison at Atlanta, they were under a constitutional duty to make a “diligent, good-faith effort” to secure him for prompt trial. Prince v. Alabama, 507 F.2d 693 (5th Cir.), cert. denied, 423 U.S. 876, 96 S.Ct. 147, 46 L.Ed.2d 108 (1975); McCallum v. State, 407 So.2d 865 (Ala.Cr.App.1981). The record before us does not reveal any effort on the part of the State, between April 9, 1979, and January 15, 1981, to return appellant to Alabama for trial. In our judgment, therefore, the reasons for the delay rest equally with the appellant and with the State.
The record also discloses, however, no demand by appellant during this period for a trial. In fact, appellant’s first and only *1268 assertion of his right to a speedy trial came ten days before his actual trial, and twenty-six months after he learned that a detainer was placed against him because of a first degree murder charge in Houston County. The third factor is thus not in appellant’s favor.
Finally, at the hearing on appellant’s motion to dismiss alleging denial of a speedy trial, he offered no evidence of prejudice due to the delay. He stated that he was “up for parole” from the Atlanta federal penitentiary but he did not assert that the pending murder charge in Alabama damaged his chances for parole or deprived him of any other benefits to which he might have been entitled. In short, we do not believe that appellant demonstrated any prejudice from the delay. We hold that he was not denied his constitutional right to a speedy trial.
We have searched the record for error and have found none. Therefore, the judgment of conviction by the Houston Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.