The defendant was indicted and convicted for robbery. Alabama Code Section 13-3-110 (1975). Sentence was ten years' imprisonment. The only issue argued on appeal is the denial of the defendant's Sixth Amendment right to a speedy trial.
The facts governing this issue are set forth in chronological order.
May 24, 1976 Robbery committed.
 May 26, 1976 The defendant was arrested. He was on parole for a previous unrelated offense. Sometime after this, the defendant's parole was revoked because of the robbery charge and the defendant was returned to Kilby State Penitentiary. The District Attorney had a hold placed against the defendant.
 July 26, 1976 The grand jury "no billed" the charges against the defendant. This was an error or mistake resulting from confusion over the names of the three men involved in the robbery and the role each played.
 Sometime after this action by the grand jury, the hold against the defendant was withdrawn.
September 10, 1976 The defendant was indicted.
 September 28, 1976 An arrest warrant for the defendant was returned not executed for the following reasons checked on the warrant: "moved, no forwarding address"; "incorrect address"; "not reside at address"; "not employed at listed location".
 At this time the defendant was still in the state penitentiary.
 July 27, 1977 The defendant was released from prison after completing his sentence. No limitations requirements or restrictions were placed upon his activities upon release. There were no "holds" or detainers against the defendant.
 Upon release, the defendant moved to Montgomery where he openly resided and worked until his arrest.
 January 3, 1978 A second arrest warrant was issued for the defendant and returned marked "does not reside at address; not known at this address". This address was the same as that of the warrant of September 26, 1976.
 December 27, 1978 The defendant's "court file" was rebuilt after the original had been "lost or misplaced". The State Board of Administrations (the predecessor of the State Board of Corrections) was ordered to have the defendant present.
 January 3, 1979 An "alias capias order" was issued after the original had been lost.
 January 18, 1979 The case was set for arraignment and the Board of Corrections was ordered to have defendant present.
 January ?, 1981 After the defendant was involved in a traffic accident in Montgomery, he was arrested for the 1976 robbery.
 February 13, 1981 Counsel was appointed to represent the defendant and the defendant was arraigned. Trial was set for May 26, 1981.
 May 26, 1981 The defendant filed a motion to dismiss the indictment on the basis of the denial of a speedy trial. The motion was heard, evidence presented and denied.
 The defendant was tried upon a stipulation of facts and adjudged guilty. *Page 1174 
 (The judgment entry recites that all of this occurred on May 25, 1981.)
Employing the four part test enunciated in Barker v. Wingo,407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we find that the defendant was denied his constitutional right to a speedy trial.
Length of Delay: The length of delay was four years and nine months, from indictment in September of 1976 till trial in May of 1981. Under Barker, this is long enough to be presumptively prejudicial and "trigger" inquiry into the remaining Barker
factors. Eleventh Annual Review of Criminal Procedure: UnitedStates Supreme Court And Courts of Appeal 1980-1981, 70 Georgetown L.J. 465, 611, n. 1183 (1981).
Reason for Delay: There is no valid reason for the delay. Although there is not even the insinuation of deliberate State delay to gain a trial advantage, the facts compel a finding of negligence on the part of the State in locating the defendant.
The trial judge found that the State was not negligent "except during the first ten months. * * * If the State didn't know where he was then the State wouldn't be negligent." Our review of the facts convinces us that had the State been diligent in locating and prosecuting the defendant during "the first ten months" it would have known the defendant's location after his release from prison.
The record shows that when the defendant was indicted, and for almost eleven months thereafter, he was imprisoned in a state prison facility. Before the indictment was returned, the State knew where the defendant was located because the district attorney placed a hold against him in prison. Sometime after his release from prison, the State, or at least the court, thought that the defendant was still incarcerated because it ordered the Board of Corrections to produce the defendant for arraignment. Between these two times it appears that the State simply "forgot" that the defendant was incarcerated. The public is entitled to "steady efforts" on the part of the prosecution "to see that criminal justice should be as swift and certain as may be consistent with the demands of fair and orderly procedure." United States v. Mann, 291 F. Supp. 268, 271
(S.D.N.Y. 1968). "(S)ociety has a particular interest in bringing swift prosecutions, and society's representatives are the ones who should protect that interest." Barker,407 U.S. at 527, 92 S.Ct. at 2190.
Under these circumstances, and mindful that the State is under an affirmative duty to try an accused within its jurisdiction within a reasonable time, we cannot hold that the State exercised diligence in its efforts to locate and prosecute the defendant.
Although negligence is not weighed as heavily against the State as a deliberate attempt to delay the trial in order to hamper the defense, Wade v. State, 381 So.2d 1057, 1059
(Ala.Cr.App.), cert. denied, 381 So.2d 1062 (Ala. 1980), it must nevertheless be weighed against the State "since the ultimate responsibility for such circumstances must rest with the government rather than the defendant." Barker,407 U.S. at 531, 92 S.Ct. at 2192.
While negligence on the part of the State in bringing the accused to trial will "not necessarily tip the scale in favor of the defendant", United States v. Carter, 603 F.2d 1204, 1207
(5th Cir. 1979), "just simple government bureaucracy" and "sheer bureaucratic indifferences" weigh heavily against the State in determining whether an accused has been deprived of his right to a speedy trial. United States v. MacDonald,632 F.2d 258, 262 (4th Cir. 1980). "Simple bureaucratic inefficiency" must be weighed against the government. UnitedStates v. Greene, 578 F.2d 648, 655 (5th Cir. 1978).
Prejudice: The defendant asserts that the delay impaired his defense. He testified that he did not remember what he was doing on the day the robbery was committed other than that he was probably at work. Although this is a "standard" contention in speedy trial cases, it must be remembered that we have already found the length of delay presumptively prejudicial *Page 1175 
and consequently feel that we must give this allegation some credence. "Where delay is as long and as groundless as that revealed here, prejudice may fairly be presumed simply because everyone knows that memories fade (and) evidence is lost."Mann, 268 F. Supp. at 271.
Generally, a defendant's naked assertion of loss of memory is insufficient to make a showing of prejudice from delay which amounts to a denial of due process. Murray v. Wainwright,450 F.2d 465, 471 (5th Cir. 1971).
 "However, where the delay is not only excessive but the result of unexcused inaction or misconduct by the Government, it is prima facie prejudicial. United States ex rel. Solomon v. Mancusi, 412 F.2d 88, 91
(2nd Cir. 1969). In such a case all the defendant need show is a faded memory. The burden then shifts to the Government which must demonstrate that defendant has not been prejudiced by the delay. Pitts v. North Carolina, 395 F.2d 182 (4th Cir. 1968); United States v. Blanca Perez, 310 F. Supp. 550
(S.D.N.Y. 1970)."
Murray, 450 F.2d at 471.
See also J. Cook, Constitutional Rights Of The Accused —Pre-Trial Rights, p. 508, no. 22 (1972).
Here, the defendant has more than any generalized allegation of impaired memory to support his motion. A very significant prejudice suffered by the defendant is the loss of the opportunity to have his present sentence served concurrently with the time he served after revocation of his parole. Smithv. Hooey, 393 U.S. 374, 378, 89 S.Ct. 575, 577, 21 L.Ed.2d 607
(1969), recognized that delay in bringing to trial on a pending charge one already in prison under a lawful sentence "may ultimately result in as much oppression as is suffered by one who is jailed without bail upon an untried charge." The first "oppression" noted by the court was "the possibility that the defendant already in prison might receive a sentence at least partially concurrent with the one he is serving may be forever lost if trial of the pending charge is postponed." See alsoPrince v. Alabama, 507 F.2d 693 (5th Cir. 1975); Smith v.State, 409 So.2d 958, 963 (Ala.Cr.App. 1981) ("The major prejudice incurred by the appellant was the preclusion of the possibility that the Alabama and Georgia sentences could run concurrently."); Ex parte Slaughter, 377 So.2d 632, 633 (Ala. 1979) ("Petitioner also testified that he might have been able to negotiate concurrent sentences.").
Assertion of the Right: The only assertion of the defendant's speedy trial right was made on the date his case was scheduled for trial in the form of a motion to dismiss. Under the circumstances and facts of this case, this assertion was not as tardy as it appears.
The defendant was arrested in January of 1981. This was the first indication he had of any pending charge against him. After the grand jury no billed the indictment against him and the prison hold was withdrawn, the defendant had no reason to suspect that any charge remained. Once he was released from prison without any detainer or similar restriction, the defendant had no reason to suspect that any further action had been taken on the robbery charge. An accused cannot assert his right to a speedy trial where he has no knowledge of the indictment. Vickery v. State, 408 So.2d 182, 184 (Ala.Cr.App. 1981).
Under the Sixth Amendment, a showing of unreasonable delay, plus substantial proof of prejudice, mandates a holding that the constitutionally guaranteed speedy trial has been denied.Barker v. Wingo; MacDonald, 632 F.2d at 267. In weighing the factors of Barker, we find a presumptively prejudicial delay occasioned without justification or acceptable excuse resulting in actual prejudice to the defendant. Consequently, we find a violation of the defendant's constitutionally guaranteed right to a speedy trial. When a court finds a violation of the defendant's constitutionally guaranteed right to a speedy trial, it must reverse the conviction, vacate the sentence, and dismiss the indictment with prejudice. Strunk v. United States, *Page 1176 
412 U.S. 434, 439-440, 93 S.Ct. 2260, 2263-2264, 37 L.Ed.2d 56 (1973).
The judgment of the circuit court is reversed and rendered.
REVERSED AND RENDERED.
All Judges concur.