David Steele was convicted of kidnaping in the second degree and theft in the first degree. He was given concurrent sentences of 15 years' imprisonment in each case. On this appeal from those convictions, Steele raises one issue — the denial of his right to a speedy trial.
The relevant events, in chronological order, appear as follows:
 1981 Steele is convicted of manslaughter and sentenced to 10 years' imprisonment. He began serving that sentence March 7, 1982.
 July 21, 1984 Lynn Rosenblum is kidnapped and her automobile is stolen. Steele is serving his sentence on work release in Madison County. *Page 1310 
 July 23, 1984 Arrest warrants were issued and Steele was arrested.
 April 9, 1985 Steele filed a motion for speedy trial with "the authorities in the Madison County Circuit Court," seeking a trial at the earliest possible date."
 March 21, 1986 Steele filed a second motion for speedy trial seeking a trial at the "earliest possible date."
August 15, 1986 Steele was indicted.
 January 28, 1987 Steele wrote a letter to the Madison County Circuit Judge and one to the District Attorney requesting final disposition of the indictments "on the basis of Alabama's Uniform Mandatory Disposition of Detainers Act." Certified mail receipts show that these letters were delivered on February 4.
 July 17, 1987 Steele filed a "notice of motion seeking order dismissing indictment for failure to prosecute."
 November, 1987 Steele is granted parole and released from the penitentiary.
 November 16, 1987 Steele was arrested on the indictment.
 November 17, 1987 Steele is released on $10,000 bond.
 March, 1988 Steele filed a motion to dismiss for want of a speedy trial.
April 17, 1988 Steele was tried and convicted.
Employing the four-part test of Barker v. Wingo,407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); Ex parte Blake,469 So.2d 1301, 1304 (Ala. 1985), we find that Steele was denied a speedy trial.
A. Length of Delay: In this case, the right to a speedy trial was activated when Steele was arrested. Hayes v. State,487 So.2d 987, 991 (Ala.Cr.App. 1986); McCallum v. State,407 So.2d 865, 867 (Ala.Cr.App. 1981). See also Watson v. State,389 So.2d 961, 964 (Ala.Cr.App. 1980). The delay in this case from the time of arrest to trial is approximately 3 years and 9 months. This delay is presumptively prejudicial and sufficiently lengthy to trigger inquiry into the remaining Barker factors.Hayes, supra; Smith v. State, 409 So.2d 958, 961
(Ala.Cr.App. 1981); Corn v. State, 387 So.2d 275, 277
(Ala.Cr.App.), cert. denied, Ex parte Corn, 387 So.2d 280
(Ala. 1980).
B. Reasons for the Delay: "[T]he State is under an affirmative duty to try an accused within its jurisdiction within a reasonable time. . . ." Taylor v. State,429 So.2d 1172, 1174 (Ala.Cr.App.), cert. denied, Alabama v. Taylor,464 U.S. 950, 104 S.Ct. 366, 78 L.Ed.2d 326 (1983). At the hearing on the speedy trial motion, the prosecutor represented to the court that the State "has stood ready and willing to prosecute the case" since the indictment was returned in August of 1986; that the case had first "come up on the docket" in March of 1988 when it was continued until April of 1988, and that "for some reasons this case might have fallen through the cracks in the scheduling process." The reason for the one-month continuance is not in the record. The State did not even attempt to explain the approximate two-year delay between arrest and indictment.
While there is no evidence that the delay in this case was deliberate or intentional, it does appear that the delay is the result of negligence and official indifference to the necessity for a speedy trial. The State has a "constitutional duty to make a diligent, good-faith effort" to bring the accused to trial. Smith v. Hooey, 393 U.S. 374, 383, 89 S.Ct. 575, 579,21 L.Ed.2d 607 (1969). From the record, it appears that the circuit court and the district attorney simply ignored Steele's repeated requests for a speedy trial. Consequently, the delay must be weighed against the State. Hayes, 487 So.2d at 993; Exparte Slaughter, 377 So.2d 632, 633 (Ala. 1979). "Although negligence is not weighed as heavily against the State as a deliberate attempt to delay the trial in order to hamper the defense, . . . it must nevertheless be weighed against the State 'since the ultimate responsibility for such circumstances must rest with the government rather than the defendant.' * * * While negligence on the part of the State in bringing the accused to trial will 'not necessarily tip the scale in favor of the *Page 1311 
defendant,'. . . 'just simple government bureaucracy' and 'sheer bureaucratic indifferences' weigh heavily against the State in determining whether an accused has been deprived of his right to a speedy trial." Taylor v. State, 429 So.2d 1172,1174 (Ala.Cr.App.) (citations omitted), cert. denied, Alabamav. Taylor, 464 U.S. 950, 104 S.Ct. 366, 78 L.Ed.2d 326 (1983).
C. Assertion of Right: On five separate occasions, Steele asserted his right to a speedy trial, the first being approximately 9 months after his arrest, which was a little over 2 years before he was even indicted. For present purposes, this Court treats Steele's requests of January 28, 1987, to the District Attorney and to the Circuit Court as one request.
It appears that, in his post-indictment requests for a speedy trial, Steele demanded a dismissal of the indictments under Alabama's Uniform Mandatory Disposition of Detainers Act. This act "relates exclusively to problems pertaining to interstate extradition." McAlpin v. State, 397 So.2d 209 (Ala.Cr.App.), writ denied, Ex parte McAlpin, 397 So.2d 211 (Ala. 1981); Mathisv. State, 501 So.2d 509, 512 (Ala.Cr.App. 1986). In at least three cases, this Court has held that a motion for a speedy trial based upon the Detainers Act "did not properly present to the trial court the speedy trial question." Lucy v. State,443 So.2d 1335, 1340 (Ala.Cr.App. 1983). See also Mathis v. State,501 So.2d 509, 513 (Ala.Cr.App. 1986); Tyree v. State,439 So.2d 1346, 1348 (Ala.Cr.App. 1983). However, in this case it cannot be said that Steele has waived his right to a speedy trial. Here, Steele repeatedly put the State on notice that there were charges pending against him. Redd v. Sowders, 809 F.2d 1266,1271 (6th Cir. 1987); Hayes, 487 So.2d at 993-94; Prince v.Alabama, 507 F.2d 693, 704 (5th Cir. 1975), cert. denied,Alabama v. Prince, 423 U.S. 876, 96 S.Ct. 147, 46 L.Ed.2d 108
(1975); Turner v. State, 378 So.2d 1173 (Ala.Cr.App. 1979), cert. denied, 378 So.2d 1182 (Ala. 1979).
D. Prejudice: "An accused's right to speedy trial remains undiminished even when he is already serving a prison sentence." Aaron v. State, 497 So.2d 603, 604
(Ala.Cr.App. 1986).
Steele testified that he expected to be paroled in November of 1984 but at that time was told "that they couldn't do nothing right now because [he] had a hold on [him]"; that without the detainers he would have been given "early parole"; that after he committed the kidnaping and theft he served "three years and some few months" on the manslaughter conviction; that he was only eligible for medium custody with the detainers pending against him; and that he hoped to get the sentence in the kidnaping and theft cases concurrent with his manslaughter case.
"[T]he possibility that the defendant already in prison might receive a sentence at least partially concurrent with the one he is serving may be forever lost if trial of the pending charge is postponed" is a legitimate and significant consideration in determining whether or not the delay has resulted in prejudice to the accused. Smith,393 U.S. at 378-80, 89 S.Ct. at 577-78; Aaron, 497 So.2d at 604. "A very significant prejudice suffered by the defendant is the loss of the opportunity to have his present sentence served concurrently with the time he [was already serving]." Taylor, 429 So.2d at 1175. There was no attempt to rebut Steele's claim of prejudice.
Here, every factor of the balancing test of Barker, supra, weighs against the State and in favor of appellant Steele. The record before this Court shows an unreasonable delay without justification or acceptable excuse resulting in actual prejudice. Such facts compel a finding that Steele's constitutional guarantee to a speedy trial has been violated. Therefore, his conviction is reversed, his sentence vacated, and the indictment is dismissed with prejudice. Taylor, 429 So.2d at 1175.
REVERSED AND JUDGMENT RENDERED.
All Judges concur. *Page 1312