The State appeals from the trial court's dismissal of a second degree assault charge against Kenneth Billy Woods. The State contends that the trial court erroneously dismissed the charge on the grounds that Woods was denied a speedy trial.
The record indicates that there was no hearing held on the defendant's motion to dismiss. The trial court's order indicates that the parties agreed to submit the defendant's motion for a ruling without a hearing. The trial court's order also indicates that the State presented no evidence in opposition to the motion.
Four affidavits are also included in the record on appeal. The affidavit of the defendant's attorney states that the motion to dismiss was filed in open court on April 2, 1991. The affidavit further states that the prosecutor told the court that the State did not dispute any of the facts alleged in the motion. The remaining affidavits, which were submitted by three assistant district attorneys, shed little, if any, light on what occurred upon submission of the motion. One of the affidavits states, however, that at a district attorneys' meeting held a few days before the trial, the attorney who had been handling the case mentioned that a speedy trial issue might arise in the case and that "it appeared that the police may have been derelict in their duty in arresting this defendant on the warrant." (R. 9.) It appears from the record that the motion to dismiss on speedy trial grounds was submitted without objection by the State. The State did not dispute any of the facts stated in the motion or offer any evidence in opposition to these facts. Thus, these facts will be considered a correct statement of the events which led up the dismissal of the case.
The incident that was the basis of the underlying assault charge allegedly occurred at a Huntsville nightclub on August 8, 1987. The defendant was arrested on that date and charged with disorderly conduct. A warrant charging the defendant with second degree assault was issued on August 20, 1987. The defendant's parole was revoked as a result of the alleged August 8 incident. The defendant was on parole on an Alabama sentence. The defendant's parole was revoked in October 1987 and he was returned to state prison until September 1988 when he completed his sentence. Upon his release, the defendant returned to Madison County to live and to work. After his release, the defendant was stopped by police officers on routine traffic matters. He believes that record checks were done on those occasions and that no warrants were found.
The defendant was arrested on December 19, 1990, and was indicted on January 11, 1991. The defendant first learned of the existence of the warrant at the time of his arrest. The warrant, which is contained in the record, indicates that there was no attempt at service prior to December 19, 1990. The defendant asserted in motion that he was prejudiced by the delay between the issuance of the arrest warrant *Page 427 
on August 20, 1987, and the April 2, 1991, trial date because he could no longer recall the names of the witnesses to the incident and had no way of locating them. He also asserted that he was prejudiced because he lost any chance of having a sentence on the assault charge run concurrently with his prior sentence.
In order to determine whether an accused's constitutional right to a speedy trial has been violated, this court must look at the following four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) any prejudice to the defendant resulting from the delay. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182,33 L.Ed.2d 101 (1972). Applying these factors, we find that the defendant was denied his right to a speedy trial.
The record reveals that the arrest warrant was issued on August 20, 1987. This court has recently held that an accused's right to a speedy trial is triggered when the warrant of arrest is issued. Goodson v. State, 588 So.2d 509 (Ala.Crim.App. 1991); Steeley v. City of Gadsden, 533 So.2d 671
(Ala.Crim.App. 1988) (adopting J. Bowen's dissent in Watson v. State,389 So.2d 961 (Ala.Crim.App. 1980)). We find that the three-year and-seven-month delay between the issuance of the warrant and the defendant's trial date was presumptively prejudicial. See,e.g., Steele v. State, 542 So.2d 1309 (Ala.Crim.App. 1988), overruled on other grounds, Turner v. State, 584 So.2d 925
(Ala.Cr.App. 1991), (three-year-and-nine-month delay was presumptively prejudicial). Thus, we must consider the remaining Barker factors.
The State presented no evidence to the trial court, and thus, offered no explanation for the lengthy delay. The record indicates that the defendant was incarcerated for almost a year following the incident and that he was then returned to Madison County. The record reveals no legitimate reason for the delay. The State argues in brief that the Madison County authorities had no knowledge of the defendant's location. The State bases this argument on the fact that there were no detainers filed on the defendant while he was incarcerated. This argument has no merit. "The State has a constitutional duty to make a diligent, good-faith effort to gain custody of the accused and bring him to trial." Watson v. State, 389 So.2d 961, 967 (Ala.Crim.App. 1980) (Bowen, J. dissenting). There is no evidence that any such diligent, good-faith effort was made to locate the defendant. We can find no reason to justify the State's delay in locating the defendant. Thus, this factor must be weighed in the appellant's favor.
The record indicates that the appellant asserted his right approximately three months after he was indicted. Although in this particular case, he could have asserted it earlier during that three-month period, we do not consider this factor to weigh heavily against the defendant.
Like the first two Barker factors, we find that the final factor also weighs in the defendant's favor. "Although ordinarily a mere assertion of a loss of memory is not enough of a showing of prejudice to support a finding that a defendant has been denied due process, where the delay is excessive and is the result of unexcused inaction by the State, the delay is prima facie prejudicial." Ex parte Carrell, 565 So.2d 104, 108
(Ala. 1990). See also Taylor v. State, 429 So.2d 1172
(Ala.Crim.App. 1983), cert. denied, 464 U.S. 950, 104 S.Ct. 366,78 L.Ed.2d 326 (1983). Furthermore, the defendant showed more than impaired memory. A significant prejudice suffered by the defendant was the loss of the opportunity to have his sentence on the assault charge, if any, served concurrently with the time he served after the parole revocation. Steele v. State,542 So.2d 1309 (Ala.Crim.App. 1988), overruled on other grounds, Turner v. State, 584 So.2d 925 (Ala.Cr.App. 1991);Taylor.
Based on the foregoing, we find that the defendant's right to a speedy trial was violated and the judgment of the trial court dismissing the case is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 428