MONTIEL, Judge.
This is an appeal by the State of the trial court’s order dismissing this cause for lack of a speedy trial. Applying the four-pronged test of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we find it clear that Swinson was denied his right to a speedy trial. The Barker test looks at the length of the delay, the reason for the delay, the assertion of the right, and the prejudice resulting from the delay.

Length of Delay

There was a 26-month delay between the date Swinson was arrested (March 28, 1989) and the date on which his speedy trial motion was heard (May 30, 1991). This period was certainly excessive enough to trigger an inquiry into the remaining Barker factors. Ringstaff v. Howard, 885 F.2d 1542 (11th Cir.1989); Lewis v. State, 469 So.2d 1291 (Ala.Crim.App.1984).

Reason for the Delay

The record shows that soon after Swin-son’s arrest, he was imprisoned in a federal penitentiary in Georgia. In May 1990, Swinson informed the district attorney of Houston County and the circuit clerk of Houston County that he was asserting his speedy trial rights under the Sixth Amendment and also that he was demanding a speedy trial under the Uniform Mandatory Disposition of Detainers Act. The district attorney’s office replied, telling Swinson *180 that he needed to get the necessary forms from the warden, complete them, and return them to the district attorney’s office. The only reason the State gives for delaying Swinson’s prosecution is that it was waiting for Swinson to return the above-mentioned forms and that it could not obtain custody of Swinson until he did so. This is obviously an erroneous assertion because the State filed a request for temporary custody under the Uniform Mandatory Disposition of Detainers Act on January 7, 1991.
Although there is no evidence that the State deliberately delayed bringing Swin-son’s ease to trial, it does appear that the State was indifferent to the repeated demands for a speedy trial made by Swinson. “The State has a ‘constitutional duty to make a diligent, good-faith effort’ to bring the accused to trial. Smith v. Hooey, 393 U.S. 374, 383, 89 S.Ct. 575, 579, 21 L.Ed.2d 607 (1969).” Steele v. State, 542 So.2d 1309, 1310 (Ala.Crim.App.1988), overruled on other grounds, Turner v. State, 584 So.2d 925 (Ala.Cr.App.1991). “[A]n accused’s right to a speedy trial remains undiminished even when he is serving a prison sentence in a sister state.” Smith v. State, 409 So.2d 958, 961 (Ala.Crim.App.1981). Here, the State’s inaction in bringing Swinson to trial weighs against the State. Steele.

Assertion of Right

It is clear that Swinson demanded a speedy trial under the Sixth Amendment as early as May 1990 and that he repeated his request numerous other times. (R. 48-50, 95, 99.) The State clearly had notice of Swinson’s assertion of his speedy trial right. Steele.

Prejudice

Swinson argued and offered proof that he was prejudiced by the delay because, he says, he was denied the possibility of serving a sentence concurrently with the one he was already serving. He also stated that his parole was revoked because of this charge and that this unresolved charge affected his inmate classification status and his ability to participate in programs such as work release. These things are sufficient to establish prejudice. Austin v. State, 562 So.2d 630, 633 (Ala.Crim.App.1989).
Because all four factors weigh in favor of Swinson, we conclude that he was denied his constitutional right to a speedy trial. The trial judge correctly dismissed the indictment in this case. The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.