We granted certiorari to review the decision of the Court of Criminal Appeals which affirmed petitioner's conviction for robbery and sentence to ten years' imprisonment in the penitentiary. We reverse and remand because petitioner was denied his constitutional right to speedy trial.
The trial court denied petitioner's motion to quash the indictment on grounds of deprivation of his right to speedy trial and the Court of Criminal Appeals affirmed the conviction. Most of the facts are contained in the Court of Criminal Appeals' opinion. See Slaughter v. State,377 So.2d 625 (Ala.Cr.App. 1979). Additional facts have been advanced by petitioner under Rule 39 (k), ARAP.
The salient facts are as follows:
December 1, 1973, petitioner allegedly committed a robbery in Phenix City, Alabama. He was not then apprehended. *Page 633 
October 5, 1974, Florida notified Phenix City authorities that petitioner was in custody and had signed a waiver of rights and a confession.
March 28, 1975, Petitioner was indicted by the Russell County Grand Jury in Phenix City and a writ of arrest was issued.
March 7, 1978, petitioner filed motion to quash the indictment, alleging denial of his right to speedy trial.
March 14, 1978, Russell County District Attorney requested extradition.
May 29, 1978, petitioner was returned to Phenix City, Russell County, Alabama, for trial under an "Executive Agreement."
Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101
(1972), is the yardstick by which any court must determine whether there was a denial of speedy trial in violation of the Sixth Amendment to the United States Constitution. The standards enumerated in Barker are: (1) length of delay; (2)reason for delay; (3) defendant's assertion of his right and, (4) prejudice to the defendant.
The Court of Criminal Appeals concluded that although Alabama has a constitutionally imposed duty to take affirmative action to return a prisoner from another state for trial, and that although the prosecuting officials in this case did not make a "good faith effort" to gain custody of the appellant, "in balancing the sensitive and difficult circumstances mandated by the four factors set forth in Barker v. Wingo, supra, we are hard pressed to find the appellant has suffered any real prejudice under the facts of this case." Slaughter v. State,377 So.2d 625 (Ala.Cr.App. 1979). We cannot agree with this conclusion.
The length of delay from indictment to trial was three years, two and one-half months. In Barker, it was five years. The length of delay, however, in itself, is not the only significant factor. It must be weighed by the effect it has had on the accused's defense and on his person, and with the other standards enumerated. Barker, supra.
The reason for the delay is that Alabama officials were not diligent in trying to secure the accused for trial in Alabama. As noted in the opinion of the Court of Criminal Appeals, the state has an affirmative duty to take action to produce the accused. It cannot wait until the accused is "available." Here, Alabama did not meet that constitutional duty.
As early as October 5, 1974, Alabama officials were notified that petitioner was in custody, had signed a waiver of rights, and had made a signed confession to the Phenix City robbery. Petitioner testified he signed a waiver of extradition in October, 1974. The indictment charging petitioner with the robbery was returned March 28, 1975, and a writ of arrest was issued thereon. Although Alabama officials were aware that all these events had occurred, no effort was made to bring the petitioner back for trial until after he had filed a motion to quash on March 7, 1978. Therefore, we can agree with the Court of Criminal Appeals that the state did not make a "good faith" effort to bring the petitioner back for trial. See Smith v.Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969).
We cannot agree, however, with the conclusion reached by the Court of Criminal Appeals that there was not any real "prejudice" to the petitioner. Petitioner himself testified that he was prejudiced in that the detainer filed by the Phenix City authorities had an adverse effect on his parole consideration as well as where he would be incarcerated and his participation in work release programs. He testified that he could have received better (more minimum) prison accommodations had the detainer not been filed or had it been acted upon. Petitioner also testified that he might have been able to negotiate concurrent sentences.
This case is thus unlike Hopson v. State, 352 So.2d 506 (Ala. 1977), where a majority of this Court affirmed the Court of Criminal Appeals' conclusion that the petitioner had not been prejudiced because in that case that petitioner had made no effort to allege or prove any prejudice from the delay. (The dissenting opinion, per Justice Shores, found prejudice inHopson.) *Page 634 
Here, there is uncontradicted testimony that the petitioner was prejudiced. This case is more like Prince v. Alabama,507 F.2d 693 (5th Cir. 1975), where the pendency of Alabama detainers had an adverse effect on petitioners' being considered for the most favorable rehabilitation and parole program in California, the petitioner lost any opportunity for a California state job because of the detainers, the petitioner was held in medium security, he became ineligible for part-time, work-release programs, and the possibility of the Alabama sentence running concurrently with the California sentence was foreclosed.
The state contends that petitioner's testimony is self-serving and conjectural and that it is not sufficient evidence to show prejudice. We cannot agree. The petitioner took the initiative in alleging prejudice and in introducing evidence thereof. The state advanced no evidence to contradict petitioner's assertions. We hold that such evidence, if uncontradicted, is sufficient to establish prejudice.
It is therefore evident that all four Barker standards work in petitioner's favor. The length of delay was more than three years; the reason for the delay was because Alabama officials did not meet their constitutional affirmative duty to attempt to produce the petitioner for trial; petitioner asserted his right to speedy trial in his motion to quash the indictment; and the delay occasioned by Alabama officials' lack of diligence worked to the prejudice of the petitioner. Barker
therefore mandates that we reverse and remand this cause with directions to the Court of Criminal Appeals to render a decision consistent with this opinion. See Strunk v. UnitedStates, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973), where the United States Supreme Court held that denial of the Sixth Amendment right to speedy trial requires reversal of the conviction and dismissal of the indictment.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Justices concur.