LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a conviction of robbery and a sentence to imprisonment for twenty-one years.
The evidence as to the alleged crime is substantially the same as the evidence in Turner v. State, Ala.Cr.App., 4 Div. 752, 378 So.2d 1173 (1979), in which the appellant therein had been convicted of an assault with intent to murder one David Reid, while defendant Turner was accompanied by another man and while Reid, an innkeeper, was counting the day’s receipts with one who was employed as a night auditor at the Holiday Inn on the 280 ByPass in Phenix City. Mr. Reid testified on the trial of the instant case, saying that defendant and the man he accompanied (Turner) “came in the door” at about 11:00 P.M., about twenty minutes after they had previously been in the lobby, “and both of them pulled out a revolver — pulled out guns, and the other fellow says, ‘This is a stick-up — this is a hold-up.’ ” The witness further testified that as Turner picked up the money that the witness and another were counting, “Mr. Holloway was looking around, and he had his gun pointed at me and he was looking around the lobby like he was the lookout man.” Turner and the appellant did not linger after the money was seized and taken away by Turner.
*762 Reid was positive in his identification of defendant, but defendant testified that he was not the man accompanying Turner at the time. Defendant said that he was not in Phenix City, that he was in Jacksonville, Florida, the night of the robbery.
It appears that the only contested issue of fact on the trial was whether appellant was the other person with a pistol who was with Turner at the time of the robbery. The. issue was properly submitted to the jury, it being one primarily within the jury’s province. There is no contention to the contrary.
The only issue expressly presented on appeal is as to the court’s denial of defendant’s motion to dismiss, wherein defendant alleged that he had been denied a speedy trial in violation of his right under Article I, Section 6, of the Alabama Constitution and the Sixth Amendment to the Constitution of the United States.
The identical issue was raised in Turner v. State, supra, and it was decided in favor of appellant, which resulted in a reversal of the judgment and conviction, and the rendition of a judgment dismissing the case.
As to the only issue presented, there are some glaring similarities in the facts in the instant case to those in Turner. On the other hand, there are several striking differences.
The cases are similar in that the crimes charged against both appellants were committed the same night, September 25, 1976, and at the same place, the Holiday Inn in Phenix City, Alabama, and in the fact that during a large part of the time intervening between the crimes and the trials of each defendant, each was in custody of the authorities in Georgia by reason of a felony charge or conviction in that state. They are similar also in the length of time intervening between the crimes and the trials, Turner’s trial taking place about twenty-nine months after the crime and this appellant’s trial about thirty-one months after the crime. We hereinafter state most of the dissimilarities, as well as some similarities not stated above.
On October 23, 1976, Turner was identified by Reid at a lineup held in Columbus, Georgia, where Turner was in custody of the Georgia authorities. It appears that at the same time, Holloway was in custody of the same authorities at the same place, but evidence indicates, if it does not conclusively show, that the Alabama authorities did not know the whereabouts of Holloway. Furthermore, he had not been identified in person by Reid, who had identified him by his photographs. A warrant had been sworn out for Holloway at the time, which, however, had not been verified by Reid. A warrant had been sworn out at the time by Reid for the arrest of Turner.
On January 11, 1977, the grand jury of Russell County returned a true bill charging Turner with the offense of assault with intent to murder; at that time no indictment had been returned against Holloway. No indictment was returned against Holloway until April 6, 1979.
According to the opinion in Turner, some time between May 31, 1977, and June 8, 1977, Turner had caused to be delivered to Russell County officials “certain forms requesting disposition of the indictments pending against him.” He had executed a “notice of place of imprisonment and request for disposition of indictments, information or complaints.” The formal request was dated May 31, 1977, and a receipt thereof was acknowledged by Russell County officials. The Court held that such documents “taken together, were sufficient to place the prosecuting authorities ‘on notice’ of appellant’s speedy trial claim.” No such documents were executed and transmitted by Holloway during 1976 .or 1977. In marked contrast with the facts in Turner, there was no showing in the instant case- that the prosecuting authorities in Russell County had any knowledge of the definite whereabouts of Holloway, or that Holloway desired a speedy trial, until April 11, 1978, when he, while in custody of the Georgia *763 authorities, signed and sent to Russell County (Alabáma) authorities a motion for a speedy trial. The Circuit Court promptly acted on the motion by forwarding a copy of it to the district attorney for appropriate action, who promptly commenced an investigation and on May 30, 1978, executed and sent a petition to the Governor of Alabama for the extradition of Holloway from Georgia. It appears that for the next three or four months effectuation of extradition procedure was delayed by reason of the inefficacy of the procedure employed, which had been superseded by the Alabama Uniform Mandatory Disposition Act, effective April 27, 1978. Code of Alabama 1975, § 15-9-80 through § 15-9-88.
There is great similarity between Turner and the instant case as to the procedure by the Russell County authorities to obtain custody from the Georgia authorities. In each case, procedure was instituted on May 30, 1978, to obtain custody under a method that had been superseded, which resulted in the necessity for a new commencement of efforts to obtain custody, pursuant to said Act, by the use in each case of “Form V, Request for Temporary Custody,” which was submitted to the Georgia authorities in each case in October 1978. It was promptly honored by the Georgia authorities, namely, Georgia Department of Offender Rehabilitation, Macon Correctional Center, on November 6, 1978. In the last part of the form of the acceptance, just after the signature of a Georgia official, there was the following legend:
“A. My counsel is (none) inmate is attempting to hire an attorney. name of counsel.
B. I request the court to appoint counsel.

Refused to sign.

(inmate’s signature)
Presented and explained to the inmate by Don Arnett, Deputy Warden of Security.”
Pursuant to the documents authorizing the transfer of temporary custody of defendant Holloway, he was brought by Russell County (Alabama) authorities to Phenix City on January 25,1979, contemporaneously with the transfer to Alabama of the custody of Turner. The warrant was then served upon Holloway, and a preliminary hearing for him was conducted on February 22, 1979, by the District Court of Russell County, which bound him over to the grand jury. The case was presented to the Spring 1979 Grand Jury, which, as previously stated, returned the indictment. On April 30, 1979, upon his arraignment, he made known to the court that he was an indigent, and an attorney was appointed for him, who represented him on the trial and continues to represent him by appointment on appeal.
We see little difference between Turner and the instant case as to the passage of the interval between April 27, 1978, the effective date of the Uniform Mandatory Disposition of Detainers Act, and January 25, 1979, the date of the return of each defendant to Alabama. Although, as held in Turner, that interval of time could have been substantially shortened by the institution of applicable extradition procedure, it is clear that the decision in that case was not based solely upon the delay caused during such period. As to the total time between the alleged crime and the trial of defendant (September 25, 1976 — March 5, 1979 in Turner) (September 25, 1976 — May 23, 1979, in Holloway), little, if any, of the delay,-other than the period between April 27, 1978, and January 25, 1979, was caused by action or inaction of the prosecution in the case now under review. During the larger part of the total time, defendant’s whereabouts was not known. Furthermore, he could not have been brought to trial on an indictment which had not been returned. Whether a grand jury would have then returned an indictment against him, as it did against Turner, is questionable, for the reason that the identifying witness had seen Turner, but had not seen Holloway, after the crime.
In applying the four factors established by Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to be *764 considered by the courts on the question of whether the right to a speedy trial has been denied, the Court in Turner, supra, held in favor of appellant as to-three of the factors: (1) length of delay; (2) the accused’s assertion of his right; and (3) reasons for delay.
As to (1), length of delay, a basis for a comparison between the two cases is not as clear as it is as to factors (2) and (3), because in Turner the date of the indictment was accepted as the date that defendant became an “accused” so as to commence the operation of time involved in a delay. In view of the vagueness of the evidence, as well as that of the position of the parties, on the particular point, we will not attempt to state the time when appellant herein became an “accused.”
As to (2), accused’s assertion of his right, Turner did so almost a year before Holloway. Prom Holloway’s assertion to his own trial, about thirteen months expired. It is to be noted in this connection that defendant’s motion to dismiss on the ground that there had been a denial of his right to a speedy trial states specifically:
“6. At all times since the filing of the Petition for a speedy trial on April 11, 1978, the State of Alabama has known the whereabouts of the defendant and the defendant has been available for trial on the charge or offense of robbery.”
In our opinion, neither the motion nor the evidence supports the present contention that defendant’s right to a speedy trial was denied by reason of what occurred or should have occurred between April 11, 1978, and the time of defendant’s trial.
As to factor (3), reasons for delay, the period of delay for which the prosecution was held responsible in Turner is more than twice as great as that for which the prosecution could be held responsible in the instant case.
As to factor (4) of Barker v. Wingo, supra, prejudice to the accused, the record “is silent with regards to whether appellant was prejudiced” by the delay, as it was in Turner but as held in Turner and other cases, prejudice — either actual or presumed- — becomes totally irrelevant where the other three Barker factors weigh in favor of the accused.
Two of the factors in Barker, (2) the accused’s assertion of his right and (3) reasons for delay, do not, in our opinion, weigh in favor of the appellant herein.
Taking all of the factors into consideration, the denial of defendant’s motion is not out of harmony with Barker, supra, Turner, supra, Slaughter v. State, 377 So.2d 632 (1979), or any other authority that has come to our attention on the subject of the right to a speedy trial. To have granted the motion would not have been as reasonable a determination as the denial of it. The court was not in error in its ruling.
We have found no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is
AFFIRMED.
HARRIS, P. J., and DeCARLO, BOOK-OUT and BOWEN, JJ., concur.
TYSON, J., concurs in result.