BOWEN, Presiding Judge.
This is an appeal from the denial of Arthur James Blake’s petition for writ of habeas corpus alleging that he was deprived of his Sixth Amendment right to a speedy trial.
We recognize the general rule stated in 39 'C.J.S. Habeas Corpus Section 59(a) (1976):
“One whose constitutional right to a speedy trial was violated may be granted relief by habeas corpus where his motion for discharge is denied and no other remedy is available. While pending the delay, the remedy by an appeal is not an adequate remedy so as to preclude habe-as corpus, the remedy for illegal confinement by reason of erroneous postponements lies at the time of such postponements and not after the delay has terminated. After accused has pleaded guilty or has been convicted, he may not urge as a ground for relief by habeas corpus that there has been improper delay in a preliminary hearing or arraignment, or in bringing him to trial. After trial, conviction, and sentencing the remedy for error in denying a discharge on the ground of unlawful delay is by appeal, writ of error, or other advisory remedy, or, in a proper case, by writ of mandamus, and not by habeas corpus.”
Blake’s petition for writ of habeas corpus was filed on June 20, 1983. On July 14th, the petition was denied without a hearing. Appeal was taken and on July 18th, this Court remanded the cause with instructions that an evidentiary hearing be held. That hearing was held immediately before Blake’s trial on August 11th. At that hearing, the parties stipulated on the admission of “all the records of previous testimony of evidence that has previously been taken in CC-82-5N (robbery in the first degree) pri- *970 or to trial today.” Blake was convicted and appealed.
We dismiss the appeal from the denial of the petition for writ of habeas corpus (2 Div. 390) because his appeal from his conviction (2 Div. 391) is' before this Court and because we have fully considered the issue raised by the habeas corpus petition in deciding the merits of his appeal. Since Blake has both appeals before this Court at the same time, we consider the appeal from his conviction the proper forum in which to address the alleged denial of speedy trial issue. Habeas corpus cannot be made to answer the purposes of an appeal. Price v. Holman, 279 Ala. 324, 184 So.2d 835 (1966).
APPEAL DISMISSED.
All Judges concur.