PATTERSON, Judge.
Curtis Williams appeals from the denial of his petition for writ of habeas corpus alleging that he has been deprived of his Sixth Amendment right to a speedy trial. He alleges in his petition that while serving a six-year sentence in the Mobile County jail, he failed to return to the jail from a work detail on June 17, 1978; that he was arrested in December 1978 in Atlanta, Georgia, apparently served a prison sentence in that state, and was released; that he was arrested in Mobile County in November 1980 and extradited to the State of Florida, where he was sentenced to twelve years in that state’s prison system; that while serving the Florida sentence, he absented himself from work release and, upon being arrested in Florida, was extradited to Alabama to complete the service of his six-year sentence. He avers that shortly after his unauthorized absence from the Mobile County jail, a warrant for escape was issued against him and a corresponding detainer lodged with the Florida authorities; that after his return to the Alabama prison system, the escape detainer was lodged with the Alabama prison authorities and is being held in his prison file; that he has made a diligent effort to obtain a speedy trial and disposition of the escape charge pending against him in Mobile County; and that the State of Alabama has failed to make a good faith effort to bring him to trial. He claims that while incarcerated in Georgia, he filed a motion for speedy trial with the court in Mobile County where the charge was pending, filed another similar motion while incarcerated in Florida, and filed a third such motion after his return to the Alabama prison system, all to no avail. He contends that the presence of the unresolved escape charge and detainer is adversely affecting his custody status and rehabilitative efforts. He states, inter alia, that he is being deprived of an opportunity for a concurrent sentence to run with the sentence being served; that he is classified as a maximum security or “close custody risk” prisoner; and that he is being deprived of the opportunity for honor farm status, forestry camp work, trusty status, study or work release status, and parole, all because of the pending charge and detainer. In the way of relief, he seeks dismissal of the pending escape charge, withdrawal of the detainer, consolidation of his Alabama and Florida sentences so that they will run concurrently, and monetary damages.
His petition was filed on August 28, 1986. He was appointed counsel on November 12, 1986. A motion to dismiss was filed by the State, February 4, 1987, on the general grounds that the petition failed to state a claim and that the allegations were not the proper subject of habeas corpus relief. On February 12, 1987, the trial court entered an order granting the State’s motion to dimiss the petition without a hearing. The trial court gave as its grounds for dismissal, “The ... petition ... contains mere conclusory statements that do not raise a constitutional issue and ... fails to state sufficient facts to allow the Court to dispose of the claim on its merits.” No answer or return was filed by the State refuting the allegations of the *267 petition; thus, for the purpose of these proceedings, the allegations must be taken as true. Ex parte Hawkins, 475 So.2d 489 (Ala.1985); Bartlette v. State, 472 So.2d 706 (Ala.Cr.App.1985);
The Sixth Amendment right to a speedy trial is enforceable against the states by virtue of the Fourteenth Amendment. Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); U.S. Const.Amend. VI, XIV. An accused’s right to a speedy trial remains undiminished even when he is already serving a prison sentence. Smith v. Hooey; Aaron v. State, 497 So.2d 603 (Ala.Cr.App.1986). In Smith v. Hooey, 393 U.S. at 377-78, 89 S.Ct. at 577, the United States Supreme Court, in discussing the constitutional right to a speedy trial, stated:
“[T]his constitutional guarantee has universally been thought essential to protect at least three basic demands of criminal justice in the Anglo-American legal system: ‘[1] to prevent undue and oppressive incarceration prior to trial, [2] to minimize anxiety and concern accompanying public accusation and [3] to limit the possibilities that long delay will impair the ability of an accused to defend himself.’ ... These demands are both aggravated and compounded in the case of an accused who is imprisoned by another jurisdiction.
“At first blush it might appear that a man already in prison under a lawful sentence is hardly in a position to suffer from ‘undue and oppressive incarceration prior to trial.’ But the fact is that delay in bringing such a person to trial on a pending charge may ultimately result in as much oppression as is suffered by one who is jailed without bail upon an untried charge. First, the possibility that the defendant already in prison might receive a sentence at least partially concurrent with the one he is serving may be forever lost if trial of the pending charge is postponed. Secondly, under procedures now widely practiced, the duration of his present imprisonment may be increased, and the conditions under which he must serve his sentence greatly worsened, by the pendency of another criminal charge outstanding against him.”
One whose constitutional right to a speedy trial is violated may be granted relief by habeas corpus where his motion for discharge is denied and no other remedy is available. Blake v. State, 448 So.2d 968 (Ala.Cr.App.1984).
An intrastate detainer acts as a limited type of “custody” to which habeas corpus may be directed. This same principle is recognized regarding interstate de-tainers. Aaron v. State, 497 So.2d at 605.
We find in the case sub judice that the aspect of appellant’s petition alleging a denial of his right to a speedy trial in reference to the pending escape charge in Mobile County contains merit, and it was error for the trial court to dismiss his petition without affording him an opportunity to prove his allegations.
Upon appellant’s demand, the State had a constitutional duty to make a diligent, good faith effort to bring him to trial for the escape charge. Smith v. Hooey. His petition falls short of alleging a legal right to serve his Alabama and Florida sentences concurrently, and his claim for damages is inappropriate in habeas corpus proceedings. We note that a copy of the escape warrant is attached to appellant’s pro se brief and it shows that the warrant has been outstanding since June 19, 1978. Also attached to his brief are two documents showing that he was denied parole on July 22,1986, because of “pending cases or holdovers” and was referred to the Mandatory Disposition of Detainers Act by the State Pardons and Paroles Board, and denied entry into the supervised intensive restitution program by the State Department of Corrections on May 19, 1986, due partly to the escape detainer.
For the above reasons, the judgment of the circuit court dismissing appellant’s petition for writ of habeas corpus is reversed, and this cause is remanded for action not inconsistent with this opinion.
*268 REVERSED AND REMANDED WITH DIRECTIONS.
All Judges concur.