The appellant was convicted of robbery in the third degree, in violation of § 13A-8-41, Code of Alabama (1975). The appellant had filed a motion to dismiss the indictment on the grounds that he was denied a speedy trial. After the trial court denied the appellant's motion, he pleaded guilty to the charge, but reserved the right to appeal the court's ruling on his motion to dismiss for the denial of a speedy trial.
The record indicates that, on September 24, 1984, a complaint was filed in the District Court of Mobile County, charging the appellant with robbery in the first degree. A warrant was issued on the same day. No further action is indicated by the record until April 30, 1986, when the appellant filed a "Motion for Fast and Speedy Trial." On May 5, 1986, this motion was transferred to the district attorney's office by the district court. Thereafter, on August 8, 1986, a "Motion to Quash Detainers" was filed by the appellant. On August 14, 1986, the appellant pleaded not guilty and demanded a preliminary hearing, which was set for September 11, 1986. The case action summary shows that no bond was set, as the appellant was serving a sentence. On September 11, 1986, the State moved to nol-pros, with leave to present the case to the grand jury; this motion was granted over the objection of the appellant.
Subsequently, on November 23, 1987, an indictment was returned, again charging the appellant with the first degree robbery of Desiree Morris. The trial court entered a discovery order on that same date. On October 14, 1988, the appellant filed a pro se motion to dismiss, charging that he had been denied his right to a speedy trial. On November 18, 1988, the State filed a response to the discovery order of November 23, 1987. On November 28, 1988, the appellant was arraigned and pleaded not guilty. A trial date was set for January 9, 1989. On January 6, 1989, the appellant filed a motion to dismiss, again alleging the denial of his right to a speedy trial. A hearing was held on that motion on January 9, 1989.
At the hearing, the appellant testified that he was arrested on the robbery charge in September 1984, while he was on parole. He testified that his parole was revoked because of this case and "another additional case." He then filed with the district court a demand for a speedy trial. He testified that the charges were nol-prossed, but that another detainer was issued on him while he was in prison in August 1988, the robbery having occurred on August 10, 1984. The appellant testified that because of the remoteness he was unable to remember where he was at the time of the offense. He further testified that he had been denied parole because of the detainer. Moreover, he testified that, if the case had been brought to trial sooner, he would have been able to negotiate to have the sentence run concurrently with the sentence he was then serving. Moreover, he stated that, *Page 632 
because of the detainers, he was unable to go on work release and could not attend trade school. He said that because of the detainer, he was placed in a maximum security penitentiary. The appellant testified that, but for the time of trial, he would have been able to secure the testimony of two witnesses, Jackie Irene Pettway and Gregory York, whom he could no longer locate. The record provides no reasons for the original nolle prosequi; however, the prosecutor stated that, as to the delay between the subsequent indictment in November 1987 and the time of trial in January 1989, that the State had had a difficult time in finding a State's witness or witnesses.[1] The record does not indicate the names of the witnesses, nor does it include any specifics as to the State's efforts in locating them. The trial court denied the appellant's motion.
"In determining whether a defendant has been denied the right to a speedy trial, the Court must utilize a balancing test, weighing the conduct of the prosecution with that of the defendant." Wade v. State, 381 So.2d 1057, 1058
(Ala.Cr.App. 1980), writ denied, Ex parte Wade, 381 So.2d 1062
(Ala. 1980). In order to determine whether the appellant has been denied his right to a speedy trial, a four-prong test, set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182,33 L.Ed.2d 101 (1972), is applied. Arnett v. State, 551 So.2d 1158
(Ala.Cr.App. 1989). The factors to be considered are: length of delay, reason for delay, defendant's assertion of his right, and prejudice to the defendant.
Length of Delay — The length of delay must be presumptively prejudicial in order to trigger an examination of the other three factors. Barker v. Wingo, supra. In the present case, the original indictment was nol-prossed on motion by the State, after the appellant had filed a motion for speedy trial, which was transferred to the district attorney's office. Furthermore, it was nol-prossed over the appellant's objection. The record fails to contain the reason why the State nol-prossed the charge.
Under these circumstances, it is unclear whether the length of delay should be calculated from the time of the original complaint or from the time of the indictment. See Annot., 30 A.L.R. 2d 462 (1953). However, the nolle prosequi appears to have been based on the prosecution's failure to act in a timely manner, and the appellant had clearly exerted his right; such an attempt to circumvent the appellant's right could violate his right to a fair trial.
This delay is clearly excessive; however, "the passage of time, standing alone, is not enough to justify holding that the guarantee of a speedy trial has been violated. Barker,407 U.S. at 533, 92 S.Ct. at 2193; Jones v. Morris, 590 F.2d 684, 686
(7th Cir. 1979), cert. denied, Jones v. Morris, 440 U.S. 965,99 S.Ct. 1513, 59 L.Ed.2d 780 (U.S. 1979)." Wade v. State, supra, at 1059. This delay clearly weighs against the State.
Reason for Delay — The reason for the initial delay between the filing of the affidavit in the district court and the State's motion to nol-pros, a two-year period, does not appear in the record. The State offered no explanation for this two-year delay. The reason for the delay between the indictment and the trial, approximately a 14 month period, was stated by the prosecutor as having been the State's inability to locate witnesses. The State provided no evidence of its effort to locate the witnesses or the reasons for their difficulty. Cf.Wade v. State, supra, at 1059.
 "Delays otherwise excessive may be 'tolled' by the unavailability of an essential prosecution witness. United States v. Bufalino, 576 F.2d 446, 453 (2nd Cir. 1978). A missing witness is a 'valid reason' and will 'serve to justify appropriate delay'. Barker, 407 U.S. at 531, 92 S.Ct. at 2192; United States v. Avalos, 541 F.2d 1100, 1114 (5th Cir. 1976). Here there is no indication whether the witness was actually 'missing', that is, whether the delay was due to inconvenience *Page 633 
rather than the State's inability to produce. Consequently, there is no evidence as to whether the State made any good faith and diligent effort to find her. United States v. Lawson, 545 F.2d 557, 560 (7th Cir. 1975).
Wade v. State, 381 So.2d at 1060.
The appellant does not claim, nor does the record indicate, that the prosecution acted deliberately in causing the delay; however, the State has a " 'constitutional duty to make a diligent, good-faith effort' to bring the accused to trial.Smith v. Hooey, 393 U.S. 374, 383, 89 S.Ct. 575, 579,21 L.Ed.2d 607 (1969)." Steele v. State, 542 So.2d 1309
(Ala.Cr.App. 1988).
Assertion of Right — On three separate occasions,[2] the appellant asserted his right to a speedy trial. The appellant first filed a "Motion for Fast and Speedy Trial" in district court one and a half years after the affidavit was filed. After this motion was transferred to the district attorney's office, the cause was nol-prossed. Approximately 11 months after the indictment, the appellant filed a pro se motion to dismiss, charging the denial of his right to speedy trial. The appellant again filed a motion to dismiss, alleging the denial of his right to speedy trial, three days prior to trial. Although the latter motion was clearly untimely, the previous motions clearly put the State on notice of the appellant's assertion of his right. Thus, the appellant did not waive his right. Steelev. State, supra, and cases cited therein.
Prejudice — " 'An accused's right to speedy trial remains undiminished even when he is already serving a prison sentence.' Aaron v. State, 497 So.2d 603, 604
(Ala.Cr.App. 1986)." Steele v. State, supra. The appellant alleged that he was prejudiced for several reasons: that he was prevented from receiving a concurrent sentence; that his parole was revoked; that he was not allowed to go on work release or attend the trade school; that he was imprisoned in a maximum security facility; and that he was unable to find two defense witnesses.
 " '[T]he possibility that the defendant already in prison might receive a sentence at least partially concurrent with the one he is serving may be forever lost if trial of the pending charge is postponed' is a legitimate and significant consideration in determining whether or not the delay has resulted in prejudice to the accused. Smith, 393 U.S. at 378-80, 89 S.Ct. at 577-78; Aaron, 497 So.2d at 604. 'A very significant prejudice suffered by the defendant is the loss of the opportunity to have his present sentence served concurrently with the time he [was already serving]'. Taylor, 429 So.2d at 1175."
Steele v. State, supra, at 1311. As to the appellant's claims that the charges prevented his parole, affected his inmate classification status, affected his work release eligibility, and affected the possibility that he could attend trade school, these factors have been deemed sufficient to establish prejudice. Ex parte Slaughter, 377 So.2d 632 (Ala. 1979).[3] As to the appellant's claim that he was prejudiced by the delay in that he was unable to locate two defense witnesses, there is no evidence that he made any attempt to locate the missing witnesses; therefore his inability to locate the witnesses "could just as easily be the result of the defendant's own negligence as the result of any delay which could be attributed to the State." Wade v. State, supra, at 1061. Although we find no prejudice to the appellant as the result of the missing defense witnesses, the other causes enumerated by the appellant sufficiently indicate that he was prejudiced by the delay.
After weighing the above-stated factors, we find an unreasonable delay without justification or acceptable excuse, which resulted in actual prejudice to the appellant. *Page 634 Steele v. State, supra. Therefore, we find that the appellant's constitutional right to a speedy trial has been violated. Therefore, his conviction is reversed, his sentence is vacated, and the indictment is dismissed with prejudice. Steele v.State, supra, citing Taylor v. State, 429 So.2d 1172, 1175
(Ala. Cr. App), cert. denied, Alabama v. Taylor, 464 U.S. 950,104 S.Ct. 366, 78 L.Ed.2d 326 (1983).
REVERSED; INDICTMENT DISMISSED WITH PREJUDICE.
All Judges concur except BOWEN, J., concurring in result only without opinion.
[1] There were actually two robbery charges pending against the appellant. During the hearing on his motion for speedy trial, the prosecutor nol-prossed one of the charges, because he was unable to find the witnesses to the incident.
[2] The appellant alleges that he actually notified the district court twice of his claim to his right to speedy trial. However, the record appears to indicate that only one such motion was found.
[3] We note, however, that the record indicates that the appellant was given credit on this sentence for the three years and six months served on his prior convictions while awaiting final disposition of this cause.