MADDOX, Justice.
This petition presents the following question: Can a State prisoner who is being held in one county and against whom a detainer is lodged because of the pendency of two felony indictments against him in a second county, maintain a petition for writ of habeas corpus to press his claim that the State has failed to accord him his constitutional right to a “speedy trial” on the indictments pending in the second county?
FACTS
Petitioner Harold R. Sandlin was charged with first and second degree robbery in Morgan County. At that time, he was incarcerated in St. Clair County on an unrelated charge, and a detainer was lodged against him. He petitioned the St. Clair County Circuit Court for a writ of habeas corpus, and he alleged that the State had violated his right to a speedy trial on the Morgan County charges. We quote verbatim from his pro se petition in which he alleged, in part:
“Harold R. Sandlin was denied a speedy trial in Morgan County on two detainers issued against him for charges of first and second degree robbery. Petitioner filed his pro se petition for writ of habeas corpus in the Circuit Court of St. Clair County on October 13, 1988, alleging that he was denied a right to a speedy trial in Morgan County on the said charges, and that the delays of the State in bringing him to trial, such is adversely affecting his status while an inmate at St. Clair Correctional Facility.”
The trial court dismissed Sandlin’s petition and stated in the minute entry of that order:
“The Court, after having considered the Petitioner’s Petition for Writ of Ha-beas Corpus and the State’s Motion to Dismiss or Transfer Petition, dismissed the petition as not being the proper remedy for cases pending in Morgan County.”
The Court of Criminal Appeals affirmed the trial court’s order, without opinion. 550 So.2d 1094.
This Court granted the writ of certiorari to examine the question of whether the trial court erred in dismissing Sandlin’s petition on jurisdictional grounds.
Petitioner argues that he is entitled to maintain his petition for habeas corpus under the provisions of Ala.Code 1975, § 15-21-6, which states:
“(a) When the person is confined in a county jail or any other place on a charge of felony or under a commitment or an indictment for felony, the petition for a writ of habeas corpus must be addressed to the nearest circuit court judge.
“(b) When the person is confined in the penitentiary or under a sentence, judgment or order of the supreme court or the circuit court, other than an indictment for felony, the petition must be addressed to the nearest circuit court judge.”
We find that statute to be inapplicable to the facts of this case. It appears from the record before us that petitioner’s incarceration in St. Clair County is pursuant to another charge, and that his detention in St. Clair County is not a result of the pending indictments against him in Morgan County which he seeks to have dismissed.[1]
*403 Furthermore, after reviewing the record in this case, we note that before petitioner filed his petition for writ of habeas corpus, he had already filed a motion to dismiss the indictments in Morgan County on the ground that he had been deprived of a “speedy trial.” Petitioner followed the proper procedure in that instance, because “[u]nder the Alabama Rules of Criminal Procedure (Temporary), the issue of the denial of a speedy trial should be raised by a motion to dismiss, Rule 16.2, filed ‘at or before arraignment or by such later date as may be set by the court.’ Rule 16.3.” Nichols v. State, 518 So.2d 851, 853 (Ala.Cr.App.1987) (a case strikingly similar to the present one, in that it involved a defendant who was incarcerated on another charge and as to which charge he had made a claim that he was deprived of a “speedy trial”).
Because it is apparent from the record before us that petitioner had already filed a motion to dismiss the indictments pending against him in Morgan County, and because we find that his petition for writ of habeas corpus does not raise any question concerning an incarceration on the pending charges, we hold that the trial court correctly dismissed his petition. The legal issue petitioner seeks to raise by his petition for habeas corpus was apparently preserved in the trial court, because the record before us indicates that the trial judge in Morgan County denied petitioner’s motion to dismiss the indictments.[2]
Based on the foregoing, we affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.

. Apparently, if and when petitioner is scheduled for release from confinement in St. Clair *403 County, Morgan County authorities will be notified.

. We obviously express no opinion whether there is any merit to his “speedy trial" claim.