Mark David Archer was indicted for robbery in the first degree, in violation of § 13A-8-41, Code of Alabama 1975. He was found guilty of this charge and, under § 13A-5-9, was sentenced as a habitual offender to life imprisonment without parole. Before his trial, Archer had moved for a dismissal of the charges for want of a speedy trial. The trial court denied Archer's motion, after refusing to allow him to offer testimony. The Court of Criminal Appeals affirmed the conviction. 643 So.2d 597.
Archer contends that, because he was not allowed to testify as to how he was prejudiced by a delay in being brought to trial, the Court of Criminal Appeals failed to correctly follow the mandates of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182,33 L.Ed.2d 101 (1972), in considering the ruling on his motion to dismiss.
Archer was arrested for the robbery in question on April 21, 1987. In August 1988, he was convicted of another crime and was sent to prison, where a "hold" was placed upon him pending the outcome of his robbery charge. Archer filed a motion for speedy trial on January 9, 1989. This motion was granted by the trial court on January 12, 1989. Archer, however, remained incarcerated until his trial in January 1990. On January 12, 1990, Archer moved to dismiss the robbery charges for want of a speedy trial. This motion was denied during a pre-trial hearing on January 24, 1990. During this hearing, the trial judge did not allow Archer to testify in regard to any prejudice that he *Page 602 
might have suffered as the result of the delay in bringing his case to trial.
When examining a speedy trial issue, we must first look to the four-part balancing test promulgated in Barker v. Wingo, supra; see Ex parte Blake, 469 So.2d 1301, 1304 (Ala. 1985). This test sets out the four basic standards to begin a speedy trial analysis. The four factors in this analysis are:
 "(1) the length of the delay, (2) the reasons for the delay, (3) the defendant's assertion of his right, and (4) the prejudice to the defendant's case."
Barker, 407 U.S. at 530, 92 S.Ct. at 2192.
The final factor in the Barker v. Wingo test requires a showing that the defendant was prejudiced by the delay. The right to a speedy trial protects against two types of prejudice: (1) prejudice to the defendant's defense and (2) prejudice to the defendant's person. Prince v. Alabama,507 F.2d 693, 707 (5th Cir.); cert. denied, 423 U.S. 876,96 S.Ct. 147, 46 L.Ed.2d 108 (1975). The right to be protected from prejudice due to a lack of a speedy trial remains undiminished even though the accused is already serving a prison sentence. See, Steele v. State, 542 So.2d 1309, 1311 (Ala.Cr.App. 1988),overruled on other grounds, citing Aaron v. State,497 So.2d 603, 604 (Ala.Cr.App. 1986).
The Court of Criminal Appeals, in upholding the trial court's ruling that Archer was not prejudiced by the delay, stated:
 "We note that, although the appellant was present and testified at the hearing on his motion to suppress held immediately before the trial, he did not testify at the hearing on the motion to dismiss which was also held immediately before the trial. Thus, all of the appellant's allegations of prejudice appear only by motion."
643 So.2d 597.
However, upon review, we conclude that the Court of Criminal Appeals failed to properly evaluate the fact that Archer was not allowed the opportunity to testify during the pretrial hearing as to how he may have been prejudice by the delay.
The trial court refused the testimony, in the following exchange:
 "THE COURT: You say you have some testimony you would like in support of that?
 "MR. MILLER: [Counsel for Archer] Your Honor, the allegations contained in paragraph five, I would like to support those with testimony from my client. I'll be very brief about it but —
"THE COURT: Paragraph five?
"MR. MILLER: Yes, sir.
 "THE COURT: That is — what he has been denied in prison because of the hold on him?
"MR. MILLER: Yes, sir.
 "THE COURT: I don't — you know, I would take judicial notice of that but I'd have to — because that wouldn't make one bit of difference.
". . . .
 "THE COURT: . . . So I'll deny your motion for — to dismiss on — because of the delay and the new motions styled 'Motion to Dismiss for Want of Speedy Trial,' that motion is denied. . . ."
Any prejudicial effect that the delay may have had does not appear in the record, because the trial court denied Archer the opportunity to be heard. The defendant's testimony, however, could have been sufficient to prove prejudice. In Ex parteSlaughter, 377 So.2d 632 (Ala. 1979), the State contended that because the defendant's testimony was "self-serving and conjectural" it was insufficient to establish prejudice. This Court responded:
 "We cannot agree. The petitioner took the initiative in alleging prejudice and in introducing evidence thereof. The State advanced no evidence to contradict petitioner's assertions. We hold that such evidence, if uncontradicted, is sufficient to establish prejudice."
377 So.2d at 634 (Ala. 1979).
Archer alleges the same type of prejudice as was found inEx parte Slaughter, where this Court found that a "hold" on the prisoner had created personal prejudice because it had adversely affected his consideration for *Page 603 
parole, participation in work release programs, etc. 377 So.2d at 633.
Similarly in Austin v. State, 562 So.2d 630
(Ala.Cr.App. 1989), the Court of Criminal Appeals held that the defendant had been prejudiced, based on his testimony that outstanding charges "prevented his parole, affected his inmate classification status, affected his work release eligibility, and affected the possibility that he could attend trade school." 562 So.2d at 633. See also, Prince v. Alabama, 507 F.2d at 707 (detainer against the defendant had an adverse affect on his eligibility for rehabilitation and parole programs, his opportunity for employment on release from prison, and the possibility that he could have served concurrent sentences); and Steele v. State, 542 So.2d at 1311 (the detainer placed on the defendant caused him to lose a chance for early parole, to be eligible only for "medium custody," and to lose the opportunity to serve his present sentence concurrently with one based on the outstanding charge).
In this case, Archer was incarcerated in the West Jefferson Unit of the Alabama penitentiary system from August 1988 until the time of trial in January 1990. During this time, a "hold" was placed on him because of the outstanding robbery charge in Morgan County (i.e., the charge that resulted in the conviction now being reviewed). In his motion to dismiss, Archer said that this "hold" caused him to lose the right to be transferred to any other state holding unit; to receive early parole; to qualify for work release, the S.I.R. program, or the Prison Community Squad; to participate in a "Drug Free By Choice" program; and to get any passes. These factors may be sufficient to establish prejudice. Austin v. State, 562 So.2d at 633.
Archer took the initiative in alleging prejudice; however, the trial court failed to allow him to testify. We therefore hold that Archer was denied his right under Barker v. Wingo to present evidence as to how he may have been prejudiced by the denial of a speedy trial.
Because we have decided that Archer was denied his right, under Barker v. Wingo, to present evidence concerning how he was prejudiced, we do not reach a decision as to whether he was in fact denied a speedy trial. This case is, therefore, remanded to the Court of Criminal Appeals, with instructions to direct the trial court to conduct further hearings in which Archer will be allowed to testify as to any prejudice he may have suffered because of the delay in bringing his case to trial. The trial court shall make a due return of its findings to the Court of Criminal Appeals, which shall then make a return to this Court.
REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, STEAGALL and INGRAM, JJ., concur.