ON RETURN TO REMAND
MONTIEL, Judge.
On April 11, 1991, this court affirmed the appellant’s conviction for robbery in the first degree. Archer v. State, 643 So.2d 597 (Ala. Crim.App.1991). On May 29, 1992, this court, at the direction of the Alabama Supreme Court, see Ex parte Archer, 643 So.2d 601 (Ala.1992), remanded this cause to the circuit court with instructions that a hearing be conducted “at which the appellant will be afforded the opportunity to testify, as well as to present any other evidence, as to any prejudice he may have suffered as a result of the delay in bringing him to trial.”
After a lengthy hearing, the circuit court made the following findings of fact regarding the prejudice allegedly suffered by the appellant as a result of the delay in bringing him to trial:
“1. The defendant claimed prejudice in that he was kept in the William E. Donaldson facility because of the hold on him from Morgan County. However, defendant admitted that he could have been assigned to Donaldson, St. Clair or Holman when he was first classified. In fact the St. Clair facility is considered the more *605 restrictive of the three maximum security facilities. The court finds that the defendant suffered no prejudice because he was assigned to and remained at [the] William E. Donaldson [facility] until after his trial.
“2. The defendant claimed he was prejudiced because he was not considered for work release because of the detainer on him from Morgan County. However, he testified himself that a prisoner was not eligible for work release except within an eighteen-month period before his parole date. He was tried in Morgan County long before he could have reached that time period. The court finds that the de-tainer from Morgan County did not prejudice the defendant as far as work release was concerned.
“3. The defendant claimed he was denied a parole date because of the Morgan County detainer. The evidence was that a parole date was set for him by the parole board on June 8,1989. This was while the Morgan County detainer was in effect. Therefore, the court finds that the detainer did not prevent him from getting a parole date set and that he suffered no prejudice on that account.
“4. The defendant initially claimed prejudice because he was denied the benefits of the SIR program. However, he admitted at the hearing that he would not have been considered for this program even without a detainer on him. The court finds no prejudice here.
“5. The defendant claimed that he was denied participation in the prison community squad. The evidence was that only “low risk inmates that can go out unsupervised” are eligible for such program. The court finds that the defendant was a high risk inmate having at least five violent crime convictions. Therefore, the court further finds that there was no prejudice suffered by the defendant on this account.
“6. The defendant claimed that he was denied participation in the drug-free by choice program because of the Morgan County detainer. The testimony of Mr. Paul Whaley, II, a classification supervisor assigned to the Central Review Board at Central Classification of the Alabama Department of Corrections testified that inmates considered for this program are generally required to be in minimum security, carefully screened by the free-by-choice counselor, and that Classification would have to pass off on that. He further stated that he, as a Classification supervisor, would not have approved the defendant for this because of the nature of the crimes for which the defendant was serving time. The court finds that the defendant suffered no prejudice on this claim because of a Morgan County detainer.
“7. The-defendant claimed he was prejudiced by not being allowed passes because of the Morgan County detainer. Mr. Whaley testified that an inmate is eligible for passes when administrative regulations have been met, but then it is purely discretionary with the warden. The defendant has not shown that he met the requirements of those regulations or that the warden would have granted passes even if he had met them. It can be inferred that if he did not meet the criteria for participation in the prison community squad, being a high risk inmate, that he did not meet the requirements of the regulation in regard to passes. The court does not find that the defendant suffered prejudice because of the detainer in connection with this claim.
“8. The defendant claimed he was prejudiced because he did not get credit for any time served on his other sentences while the Morgan County detainer was in effect — that he was serving ‘dead time.’ The evidence shows that his time started on August 18, 1988, the date that he was sentenced in Colbert County. The court finds that he did get credit from that date and that he suffered no prejudice because of any detainer.
“9. The defendant claims he was prejudiced because he was not allowed to attend trade school because of the Morgan County detainer. However, the defendant testified that he did attend trade school but did not get credit for it. The court finds that the detainer did not keep him from attending trade school and that it had nothing to do with whether or not he got credit for *606 attending. The court finds no prejudice as far as trade school attendance or credit is concerned.
“10. The defendant claimed prejudice because while he was in prison and before he was convicted in Morgan County, the statute of limitations ran on his right to collaterally attack prior felony convictions in Tennessee. The court finds that the defendant made no effort to attack these convictions prior to his conviction in Morgan County. The defendant admitted that he did not even know he had any right to challenge the Tennessee convictions until after the statute of limitations had run. The defendant offered no evidence that he had any grounds to attack the Tennessee convictions. The defendant would have been in prison in Alabama, even though there had been no hold from Morgan County, during the time the statute of limitations ran on the convictions in Tennessee. The court finds no prejudice to the defendant in connection with the Tennessee convictions.”
(R. 4-8, Record on Remand); R. 1-2 Amended Order on Remand. The trial court’s findings are fully supported by the record.
The length of delay in bringing this case to trial was 25 months. The delay was attributable to a congested court docket. The appellant did not assert his right to a speedy trial until more than a year after his indictment. The appellant has failed to show that he was prejudiced by the delay, although he was given ample opportunity to do so. Taking these factors into consideration, we again conclude that the trial court did not err in denying the appellant’s motion to dismiss the indictment for lack of a speedy trial.
The judgment of the trial court is affirmed.
AFFIRMED. 
All the Judges concur.