COBB, Judge,
concurring in the result.
In its unpublished memorandum, the majority dismisses James E. Mclnvale’s appeal from the denial of his petition for the writ of habeas corpus. Mclnvale, who is currently incarcerated in Jefferson County, filed in Lee County a petition for *473 a writ of habeas corpus requesting disposition of a detainer against him in Lee County. The majority holds 1) that the petition was actually a “simple motion,” the denial of which was not appealable, and 2) that, even if the filing was a petition for a writ of habeas corpus, it should have been filed in the county where Mclnvale was incarcerated, that is, Jefferson County.
I agree to dismiss the appeal because, apparently, our existing caselaw allowing an action such as this one, see Aaron v. State, 497 So.2d 603 (Ala.Crim.App.1986), has been implicitly overruled by Ex parte Sandlin, 554 So.2d 401 (Ala.1989).
In Aaron v. State, 497 So.2d 603 (Ala.Crim.App.1986), the petitioner, incarcerated in St. Clair County, filed in St. Clair County a petition for a writ of habeas corpus concerning a detainer in Jefferson County. The circuit court dismissed the petition. In reversing the circuit court’s dismissal of the petition, this Court held that Aaron’s petition for a writ habeas corpus, filed in the county of his incarceration rather than in the county holding the detainer, was appropriate in such a case.
However, in Ex parte Sandlin, 554 So.2d 401 (Ala.1989), the petitioner, an inmate in St. Clair County, filed in St. Clair County, a petition for a writ of habeas corpus concerning a detainer in Morgan County. The circuit court dismissed the petition. In affirming the judgment of the circuit court, the Alabama Supreme Court held:
“Because it is apparent from the recr ord before us that [the] petitioner had already filed a motion to dismiss the indictments pending against him in Morgan County [pursuant to Rules 16.2 and 16.3, Ala. R.Crim. P.], and because we find that his petition for writ of habeas corpus does not raise any question concerning an incarceration on the pending charges, we hold that the trial court correctly dismissed his petition.”
554 So.2d at 403. Thus under the same procedural facts as existed in Aaron, the Alabama Supreme Court held that habeas was not appropriate. The Court pointed out the correct procedure for presenting a claim regarding a detainer — filing a motion to dismiss in the county holding the detain-er. Appeal to this Court is necessarily through a petition for a writ of mandamus, as the denial of a motion to dismiss is not a final, appealable order.
In the wake of Sandlin, this Court has been addressing detainer claims presented to it by petitions for a writ of mandamus. This Court has not explained in a published opinion how it is that at one time, petitions for a writ of habeas corpus were the remedy for such claims, but now they are not.
I am not the author of the majority decision in this case; I recognize that my special writing is therefore of no prece-dential value. I write specially to point out both the problem and the need for a solution — a published opinion, with prece-dential value, explaining the procedure by which the Court reviews detainer claims.
Also,.I write specially to.advise the appellant that although the unpublished evolution of this area of law remains unexplained in current caselaw, this Court will hear a complaint regarding a detainer on an appeal if presented in a petition for a writ of mandamus challenging the denial of a motion to dismiss filed in the court holding the detainer against him.